UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LM INSURANCE CORPORATION, | : Civil Action No. 14-5424 (MAS) |
| Plaintiff, | : |
| v. | : MEMORANDUM OPINION AND |
| | : ORDER |
| FAV TRANSPORTATION, L.L.C., et al., | : |
| Defendants. | : |

This matter comes before the Court on Defendants' application to stay the proceedings in this civil action following the execution of a Search and Seizure Warrant at Defendants Yepez and Viteri's home and place of business, and the issuance of multiple Grand Jury Subpoenas including Subpoenas to Defendants FAV Transportation, L.L.C., Yepez and Viteri. Defendants' argument is set forth in a letter to the Court dated August 11, 2015 ("Defts. Ltr."). Docket entry no. 37.

Defendants believe that Mr. Viteri is the target of a federal criminal investigation involving "the exact issues that [Plaintiff] has pleaded in its civil complaint." Defts. Ltr. at pg. 2. Specifically, the Complaint contains various claims and allegations of fraud by Defendants related to certain workers compensation insurance policies issued by Plaintiff to Defendant FAV. See Plaintiff's Complaint, filed August 29, 2014 [dkt. no. 1]. The Schedules attached to the Grand Jury Subpoenas describe the documents to be produced including workman's

-1-

compensation insurance records, wage and labor records, bookkeeping and other financial records.  See attachments to Defts. Ltr.

In a letter dated August 14, 2015, Attorney Darren M. Gelber advised Defendants' counsel in this civil action that he represents Defendant Viteri in connection with the criminal investigation.  Further, Mr. Gelber stated, he has "advised Mr. Viteri to exercise his right to remain silent ..., and not to make any statements related to any dealings with Liberty Mutual."  See docket entry no. 40.  Given the similarity of the issues involved and the likely progression of both the civil action and the criminal investigation, including Defendants Yepez and Viteri's likely invocation of their Fifth Amendment rights, Defendants contend a stay of the civil action is appropriate.

Plaintiff has opposed Defendants' application.  See letters to the Court dated August 5, 2015 ("Pltff. Ltr.") and August 14, 2015.  Docket entry nos. 35 and 39.  Plaintiff correctly notes that a decision "to stay a civil action during a tandem criminal case is not constitutionally required but rather rests in the sound discretion of the trial court."  Pltff. Ltr. at pg. 1.  Plaintiff further notes that no criminal proceedings against Defendants are pending and no depositions of the individual Defendants in the civil case have been scheduled.  Pltff. Ltr. at pg 3.

DISCUSSION

It is well-settled that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance". *Landis v. North American Co.,* 299 U.S. 248, 254–55, 57 S.Ct. 163, 81 L.Ed. 153 (1936) (*citing Kansas City*

*Southern Ry. Co. v. U.S.,* 282 U.S. 760, 763, 51 S.Ct. 304, 75 L.Ed. 684 (1931); *Enelow v. New York Life Ins. Co.,* 293 U.S. 379, 382, 55 S.Ct. 310, 79 L.Ed. 440 (1935)). "Especially in cases of extraordinary public moment, the individual may be required to submit to delay not immoderate in extent and not oppressive in its consequences if the public welfare or convenience will thereby be promoted". *Id.* at 256. Specifically, "a United States district court has broad power to stay proceedings". *Bechtel Corp. v. Laborers' International Union,* 544 F.2d 1207, 1215 (3d. Cir.1976). "In the exercise of its sound discretion, a court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues". *Id.* (*see also American Life Ins. Co. v. Stewart,* 300 U.S. 203, 215, 57 S.Ct. 377, 81 L.Ed. 605 (1937)).

"A stay of a civil case where there are pending criminal proceedings is not constitutionally required, however, it may be warranted in certain circumstances". *Walsh Securities, Inc. v. Cristo Property Management, Ltd.,* 7 F.Supp.2d 523, 526 (D.N.J.1998); *see also Trustees of Plumbers and Pipefitters National Pension Fund v. Transworld Mechanical, Inc.,* 886 F. Supp. 1134, 1138 (S.D.N.Y.1995). The factors to be considered in deciding whether to grant a stay include: "1) the extent to which the issues in the criminal and civil cases overlap; 2) the status of the case, including whether the defendants have been indicted; 3) the plaintiff's interest in proceeding expeditiously weighed against the prejudice to plaintiff caused by a delay; 4) the private interests of and burden on defendants; 5) the interests of the court; and 6) the public interest". *Walsh,* 7 F.Supp.2d at 527; *see also Transworld,* 886 F.Supp. at 1139. "The similarity of issues has been termed 'the most important issue at the threshold' in determining whether or not to grant a stay' ". *Walsh,* 7 F.Supp.2d at 527(*quoting* Milton Pollack, *Parallel*

*Civil and Criminal Proceedings,* 129 F.R.D. 201, 203 (1989)). "The state of the parallel criminal proceeding may also substantially affect the determination of whether a stay is warranted [as] 'the strongest case for a stay of discovery in the civil case occurs during a criminal prosecution after an indictment is returned ... [due to] the potential for self-incrimination' ". *Walsh,* 7 F.Supp.2d at 527(*quoting Parallel Proceedings,* 129 F.R.D. at 203). Based upon the fact that "there is less risk of self-incrimination, and more uncertainty about the effect of a delay on the civil case, preindictment requests for a stay are generally denied". *Walsh,* 7 F.Supp.2d at 527; *see also United States v. Private Sanitation Indus. Ass'n,* 811 F.Supp. 802, 805 (E.D.N.Y.1992). "However, each case must be evaluated individually ... [and] it is 'still possible' to obtain a stay ... if the Government is conducting an active parallel criminal investigation". *Walsh,* 7 F.Supp.2d at 527(*quoting Parallel Proceedings,* 129 F.R.D. at 204); *see also Volmar Distributors, Inc. v. New York Post Co.,* 152 F.R.D. 36, 38 (S.D.N.Y.1993).

  Here, it is clear that the issues presented in this civil action and the government's criminal investigation substantially overlap as they relate to Defendants' conduct with respect to procuring workers compensation insurance.  As to the status of the criminal action, although no indictments have issued, it appears the government's investigation has moved beyond the preliminary stages as a Search and Seizure Warrant has been executed and multiple Grand Jury Subpoenas have been served.  The Subpoenas issued to Defendants Viteri and Yepez require an appearance before a Grand Jury on September 3, 2015.

  Weighing Plaintiff's interest in proceeding expeditiously against any delay resulting from a stay, it is noteworthy that the civil action is at a relatively early stage with very little formal discovery having been conducted.  As a result, it does not appear that Plaintiff will suffer any

undue prejudice by a delay in the civil proceedings. On the other hand, the burden on Defendants to simultaneously defend the civil action and respond to a federal criminal investigation, with the potential compromise of their Fifth Amendment rights, is significant.

Finally, although the Court and the public share an interest in the "just, speedy and inexpensive" resolutions of civil disputes (see Fed. R. Civ. P. 1), that interest does not supercede the interests of the parties to this case. On balance, consideration of these factors weighs in favor of a stay of the civil action.

CONCLUSION

For the foregoing reasons, all proceedings in this civil action shall be and hereby are stayed pending further Order of the Court and the Clerk shall administratively terminate this matter from the docket during the pendency of the stay, subject to reinstatement on the written application of any party.

Defense counsel shall provide the Court with a written report of the status of the criminal investigation every sixty (60) days.

SO ORDERED,

DATED: August 18, 2015

*s/ Douglas E. Arpert*
DOUGLAS E ARPERT
United States Magistrate Judge